NOT PRECEDENTIAL


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3512
_____

UNITED STATES OF AMERICA

v.

JEROME NEAL MORROW
a/k/a Boo

JEROME NEAL MORROW,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 1-06-cr-00048-001
District Judge: The Honorable Maurice B. Cohill
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 13, 2011

Before: SMITH, CHAGARES, and VANASKIE, *Circuit Judges*

(Filed: June 13, 2011)


_____

OPINION
_____

SMITH, *Circuit Judge.*

Jerome Neal Morrow appeals his conviction and sentence for federal drug offenses. We will affirm.

I

Officers of the Meadville, Pennsylvania Police Department suspected that Morrow, along with his sister Jennia "Gwen" Morrow and cousin Henry "Diddy" Jones, were involved in a conspiracy to sell crack cocaine. The officers enlisted a confidential informant (CI) to help catch them. Wearing a wire, the CI approached Gwen to request two ounces of crack. Gwen called Morrow to place the order. Morrow approved the deal, and the CI and Gwen drove to an area near Morrow's residence to pick it up. On the way, Gwen and Morrow communicated via cell phone, hammering out the details of the transaction.

Not long after they arrived at the agreed-upon spot, Morrow sent Diddy to deliver the crack to Gwen, who in turn gave it to the CI. Gwen and the CI realized that Diddy had not delivered the right amount, so Gwen called Morrow to request more. Diddy soon appeared with a second bag, which was given to the CI.

The CI turned the crack over to the officers. They determined that the package was still short and asked the CI to discuss the matter with Morrow directly. During the ensuing conversation, Morrow blamed the shortage on Diddy (who apparently was known for skimming off the top) and agreed to make things square. He also said that in the future the CI should just deal with him directly.

A federal grand jury indicted Morrow, Gwen, and Diddy for conspiring to possess

with intent to distribute five grams or more of crack cocaine, *see* 21 U.S.C. § 846, and for possessing with intent to distribute and distributing five grams or more of crack cocaine, *see* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). The defendants pleaded not guilty and, after a four-day jury trial, were convicted on each count. Gwen and Diddy each received sentences of 63 months in prison. Morrow, however, had multiple prior drug felonies (which involved the distribution of crack or cocaine) and thus was sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines. He received 360 months in prison, a sentence falling at the low end of the advisory guidelines range.

## II

Morrow raises three issues on appeal. First, he argues that the District Court's admission of evidence of his prior drug felonies violated Federal Rule of Evidence 403. We review for an abuse of discretion, *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010), and find none. The District Court properly concluded that the evidence was probative on issues of knowledge and intent (*e.g.*, to rebut the defense's suggestion that Morrow was merely a bystander to the drug operation and did not intentionally participate in it). *See* Fed. R. Evid. 404(b); *United States v. Givan*, 320 F.3d 452, 460–62 (3d Cir. 2003); *United States v. Vega*, 285 F.3d 256, 262–63 (3d Cir. 2002); *United States v. Conner*, 583 F.3d 1011, 1021–23 (7th Cir. 2009) (affirming admission of defendant's prior drug activity when evidence showed that defendant was in the vicinity of drug activity but defendant claimed that he was just an innocent bystander). The Court, moreover, issued an appropriate limiting instruction, *see Huddleston v. United States*, 485 U.S. 681, 691–92 (1988), and permissibly determined that the evidence's probative value

was not substantially outweighed by its tendency to cause unfair prejudice, *see Givan*, 320 F.3d at 461–62; *Vega*, 285 F.3d at 263–64.

Second, Morrow argues that his sentence is "grossly excessive" in light of the crime committed, and hence violates the Eighth Amendment's ban on cruel and unusual punishment. The Eighth Amendment does contain a "'narrow proportionality principle' that 'applies to noncapital sentences,'" *Ewing v. California*, 538 U.S. 11, 20 (2003) (plurality opinion) (citation omitted); *United States v. MacEwan*, 445 F.3d 237, 247 (3d Cir. 2006), but the Supreme Court has declared that a proportionality challenge will succeed only in the rarest of cases, *Rummel v. Estelle*, 445 U.S. 263, 272 (1980); *United States v. Walker*, 473 F.3d 71, 79–80 (3d Cir. 2007). This is hardly such a case.

Courts have upheld longer sentences for less serious crimes imposed on defendants with less substantial criminal histories. In *Rummel v. Estelle*, for example, the Court "upheld a life sentence for a defendant who was convicted under a three-strikes law where the triggering offense was the obtaining of $120.75 by false pretenses and the [defendant] had committed two previous fraud felonies where the amount obtained was $80 and $28.36." *MacEwan*, 445 F.3d at 248 (discussing *Rummel*). *See also Hutto v. Davis*, 454 U.S. 370 (1982) (*per curiam*) (upholding sentence of 40 years in prison for defendant convicted of possessing with intent to distribute nine ounces of marijuana). More to the point, in *United States v. Whyte*, we upheld against an Eighth Amendment challenge a 30-year sentence imposed under the career-offender guideline where the triggering offense was possessing with intent to distribute crack cocaine and the defendant had twice been convicted of selling small amounts of marijuana. 892 F.2d

1170, 1175–76 (3d Cir. 1989).  *See also United States v. Salmon*, 944 F.2d 1106, 1130–31 (3d Cir. 1991).  In keeping with these decisions, we reject Morrow's Eighth Amendment claim.

Third and finally, Morrow says the District Court erred in denying his motion for judgment of acquittal, because the evidence was insufficient to support the verdict. Having reviewed the record, we conclude that this contention is meritless and does not warrant discussion.

III

For these reasons, we will affirm the District Court's judgment.